**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **CONNECTICUT GENERAL LIFE INSURANCE COMPANY, and CIGNA HEALTHCARE OF TEXAS, INC.,** § § § § | | |
| **Plaintiffs,** § § | | |
| vs. § § § | **CIVIL ACTION NO. _____** | |
| **AMBULATORY HEALTH SYSTEMS, LLC, AND PARAGON OFFICE SERVICES, LLC** § § § § § | | |
| **Defendants.** § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Connecticut General Life Insurance Company and Cigna Healthcare of Texas, Inc. (collectively "Cigna") file this Original Complaint against Defendants Ambulatory Health Systems, LLC and Paragon Office Services, LLC (collectively the "Fisher Entities").

**I.**
**NATURE OF ACTION**

1.  This case centers on a scheme under which the Fisher Entities submitted claims for the payment of facility services to Cigna even though the Fisher Entities could not provide such facility services. These improper claims, each of which amounted to approximately $6,500.00, wrongly caused Cigna to pay millions of dollars to the Fisher Entities. The net effect of the Fisher Entities' scheme was to artificially increase the cost of healthcare to Cigna's customers. In this action, Cigna seeks to recover these payments made to the Fisher Entities and to stop them from submitting any additional improper claims to Cigna administered health plans.

2. Cigna administered health plans generally cover expenses for charges made by a free-standing surgical facility on its own behalf for medical care and treatment. Cigna administered health plans generally define a free-standing surgical facility as an institution that has a medical staff of physicians, nurses and licensed anesthesiologists; maintains at least two operating rooms, one recovery room, a diagnostic laboratory and x-ray facilities; has equipment for emergency care; has a blood supply; maintains medical records; has agreements with hospitals for immediate acceptance of patients who need hospital confinement on an inpatient basis; and is licensed in accordance with the laws of the appropriate legally authorized agency. The Fisher Entities met none of those requirements. Therefore, their expenses were not covered under Cigna administered health plans.

3. In addition, Cigna administered health plans only cover expenses for charges that are the "actual" billed charges. Charges made on behalf of and submitted by a non-existent facility are not "actual" billed charges because they are false charges.

4. The Fisher Entities facilitated their scheme through the improper submission of claims to Cigna. For example, Ambulatory Health submitted claims to Cigna on UB04 forms. Only institutional providers, such as free-standing "brick and mortar" type facilities, can submit claims on the UB04 forms. Ambulatory Health is not an institutional provider; instead, it provided certain supplies and services at a third party physician's office.

5. In addition, with respect to each patient identified in the improper claims submitted by the Fisher Entities, Cigna received at least three separate claims: one from another entity associated with Dr. Fisher for anesthesia services; one from the third party physician who actually performed the underlying medical services, and whose claim included office costs and overhead associated with those medical services; and a third claim from either Paragon Office

Services or Ambulatory Health for the non-existent facility charges associated with the medical services provided to the patient in the third party physician's office.

6. Unbeknownst to Cigna, due in part to the manner in which the Fisher Entities submitted their claims, the Fisher Entities were not facilities, were not licensed by the appropriate regulatory agency, and could not have provided the facility services claimed on the billing forms used by the Fisher Entities. Upon discovery of the true nature of the Fisher Entities, Cigna notified the Fisher Entities that the claims they submitted were not payable.

7. Cigna brings this action to recover the payments made to the Fisher Entities for services or products that are not reimbursable under the employee health and welfare benefit plans and insurance policies it administers. By bringing this action, Cigna is ensuring that its customers are charged only appropriate amounts for services rendered and thereby helping to maintain the affordability of healthcare coverage for individuals and employers.

8. Furthermore, Cigna's claims in this case have implications beyond the interaction between Cigna and the Fisher Entities. The majority of the health benefit plans under which the Fisher Entities submitted claims are administrative services only ("ASO") plans sponsored by employers. Thus, in most instances, monies Cigna recovers on behalf of ASO plans will be returned to the employer and not retained by Cigna. Accordingly, Cigna brings its claims in this case to not only recover the overpayments that were made to the Fisher Entities, but also to restore the assets of the ASO benefit plans it administers for the benefit of the employees covered under those plans.

## II.
## PARTIES

9. Plaintiff Connecticut General Life Insurance Company is a corporation organized under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut.

10. Plaintiff Cigna Healthcare of Texas, Inc. is a corporation organized under the laws of the State of Texas, with its principal place of business in the State of Texas.

11. Defendant Ambulatory Health Systems, LLC ("Ambulatory Health") is a Texas limited liability company that may be served with process through its registered agent, Charles R. Billings, 14901 Quorum Drive, Suite 740, LB 156, Dallas, Texas 75254.

12. Defendant Paragon Office Services, LLC ("Paragon Office Services") is a Texas limited liability company that may be served with process through its registered agent, Charles R. Billings, 14901 Quorum Drive, Suite 740, LB 156, Dallas, Texas 75254.

## III.
## JURISDICTION AND VENUE

13. This Court has personal jurisdiction over Ambulatory Health Systems, LLC and Paragon Office Services, LLC because those entities are Texas entities and each conducts business in the State of Texas.

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiffs assert claims in this case that arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq. as Cigna seeks to recover overpayments that were made in connection with employee health and welfare benefits plans that fall within the scope of ERISA and do not fall within any safe-harbor provision. Specifically, the majority of

the plans under which Cigna maintains its claims in this action are self-funded or fully insured group benefit plans that identify the benefits available, the sources of financing, the procedures for obtaining benefits, and the beneficiaries' rights under the plans as governed by ERISA.

15. Furthermore, Cigna is a proper party to an action maintained under ERISA because Cigna administers plans subject to ERISA pursuant to written agreements with the plan sponsors and Cigna has been delegated the discretion or authority to adjudicate claims for benefits under those plans.

16. Venue is proper in the Eastern District of Texas because Defendants may be found in this judicial district, and a substantial part of the events giving rise to the claims in this action occurred in the Eastern District of Texas. 29 U.S.C. §§ 1132(e)(2), 1391(b)(1), and 1391(b)(2). Many of the patients identified in the claims for reimbursement submitted by the Fisher Entities reside in this District, and, upon information and belief, a portion of the medical services provided to Cigna's customers for which Fisher Entities have filed a claim were performed in this District and the Fisher Entities conduct business within this District.

## IV.
## FACTUAL BACKGROUND

*Cigna Processes Claims Submitted by the Fisher Entities.*

17. Connecticut General Life Insurance Company and Cigna Healthcare of Texas, Inc., among other things, insure and administer employee health and welfare benefit plans.

18. Dr. Neil L. Fisher is an anesthesiologist who provides anesthesia and related medical services to patients in North Texas. Upon information and belief, Dr. Fisher owns all of the interest in Ambulatory Health. Upon information and belief, Dr. Fisher also owns all of the interest in Paragon Office Services, LLC.

19. Between 2008 and present, Paragon Office Services and Ambulatory Health each submitted separate claims to Cigna for reimbursement for non-physician services and supplies that were allegedly provided to persons who were members and/or covered persons under employee health and welfare benefit plans administered or insured by Cigna.

20. The Fisher Entities do not have a contract with Cigna regarding the provision of services and supplies to beneficiaries under employee health and welfare benefits plans administered or insured by Cigna. As a result, all claims submitted by the Fisher Entities were processed and paid by Cigna as out-of-network claims.

21. From 2008 through 2009, Paragon Offices Services submitted claims for reimbursement to Cigna. Cigna processed those claims consistent with the revenue codes identified on the billing forms submitted by Paragon Office Services, and paid Paragon Office Services more than $343,000. Subsequently, Paragon Office Services ceased submitting claims to Cigna.

22. Beginning in 2009 and continuing to the present, Ambulatory Health submitted claims on UB04 forms to Cigna. Cigna processed those claims consistent with the revenue codes identified on the UB04 forms, and paid Ambulatory Health more than $2.2 million.

23. Other entities believed to be owned by Dr. Fisher also submitted claims to Cigna for physician charges related to anesthesia services. Cigna paid those claims in accordance with the applicable employee health and welfare benefit plans. The payments made on these claims for physician charges related to anesthesia services are not at issue in this case.

24. Cigna processed and paid the claims submitted by the Fisher Entities for a period of time based on the representations made by the Fisher Entities in their claims forms.

*Cigna Discovers that the Fisher Entities' Claims are Not Payable.*

25. As stated above, Cigna generally received three claims for reimbursement for each patient who received medical services where the Fisher Entities billed for non-physician facility services or supplies. For each patient, Cigna received a claim from (i) the anesthesiologist, such as Dr. Fisher, who administered anesthesia to the patient; (ii) the third party physician who performed the underlying medical procedure; and (iii) the Fisher Entities for the non-existent facilities charges.

26. The Fisher Entities submitted claims to Cigna in a manner that led Cigna to believe that the Fisher Entities were institutional providers and licensed by the appropriate agency, when, in fact, neither is the case. For example, Ambulatory Health submitted claims for facility services on UB04 forms. UB04 forms are medical billing forms created and adopted by the National Uniform Billing Committee in order to, among other things, develop standardized, nationally accepted billing forms.

27. Ambulatory Health submitted claims on UB04 forms that utilized specific revenue codes that are only appropriate for claims submitted by facilities. As set forth in the Centers for Medicare and Medicaid Services Manual System, only institutional providers such as hospitals, hospice, nursing homes, and licensed ambulatory surgical care centers are authorized to submit claims utilizing UB04 forms.

28. The Fisher Entities are not hospitals, licensed ambulatory surgical centers, or other institutional providers. In fact, they are not facilities of any kind. By definition, the Fisher Entities cannot provide the type of services that can be charged under the revenue codes utilized

on the UB04 forms that were submitted to Cigna. The Fisher Entities' claims were not covered expenses under the Cigna administered health plans.

29. Furthermore, the Fisher Entities did not disclose to Cigna that they were not hospitals or licensed ambulatory surgery centers. Nevertheless, Cigna discovered that the Fisher Entities were not, in fact, institutional providers.

30. Because the Fisher Entities were not licensed, free-standing surgical facilities, let alone institutional providers, they cannot submit and receive payments on the claims that were submitted to Cigna. Accordingly, Cigna determined that they were not payable under the health and welfare benefit plans it administers or insures. All of the sums Cigna paid to the Fisher Entities, which amounts to more than $2.5 million to date, were not payable and should be returned to Cigna.

### *The Fisher Entities Retain the Payments Made by Cigna.*

31. On or about August 14, 2012, Cigna notified the Fisher Entities and Dr. Fisher that the claims that had been previously paid were not for covered services.

32. The Fisher Entities have not returned the payments that have been made by Cigna. In addition, upon information and belief, the Fisher Entities contend that the services allegedly provided to persons seeking benefits under plans administered or insured by Cigna constitute covered services under those plans. As a result, an actual controversy exists regarding whether the claims submitted for reimbursement by the Fisher Entities are claims for covered services and whether any amounts are payable under those claims.

## V.
## CAUSES OF ACTION

**(Count I – Declaratory Relief against all Defendants)**

**(As to Both ERISA and Non-ERISA Claims)**

33. The preceding paragraphs are incorporated by reference as if set forth fully herein.

34. The Fisher Entities purport to provide equipment, supplies, and non-medical services to patients receiving medical care who are covered under employee health and welfare benefit plans that are insured or administered by Cigna.

35. The Fisher Entities are not institutional providers and are not licensed providers.

36. The Fisher Entities have wrongfully submitted, and continue to wrongfully submit, claims for reimbursement to Cigna.

37. Accordingly, the claims submitted were not for services or supplies covered under the relevant plans. Any claims submitted by the Fisher Entities are not reimbursable, and any payments the Fisher Entities have received under such claims should be returned to Cigna. The Fisher Entities have not returned the payments Cigna previously made to the Fisher Entities.

38. An actual controversy exists between the Fisher Entities and Cigna regarding whether claims for reimbursement submitted by the Fisher Entities are covered and payable under employee health and welfare benefit plans that are insured or administered by Cigna.

39. Cigna seeks a declaration that the Fisher Entities' claims for reimbursement are not for covered services and are not payable under employee health and welfare benefit plans that are insured or administered by Cigna. Cigna also seeks a declaration that the Fisher Entities must return all sums received from Cigna.

40. Cigna also seeks recovery of its reasonable and necessary attorneys' fees and costs.

**(Count II – Claim for Overpayments Under ERISA against Paragon Office Services)**

**(As to ERISA Claims Only)**

41. The preceding paragraphs are incorporated by reference as if set forth fully herein.

42. The majority of the employee health and welfare benefit plans that are insured or administered by Cigna are non-governmental plans that exist, are established and maintained by employers for the benefit of their respective employees, and do not fall within any ERISA safe-harbor provisions. As a result, those plans are governed by ERISA.

43. In addition, under the relevant plans, Cigna has the authority to review and make decisions on claims for benefits under the applicable plans.

44. The services and equipment supplied by Paragon Office Services do not constitute covered services under the relevant health and welfare benefit plans.

45. In reliance upon statements, representations, and demands for payment made by Paragon Office Services, Cigna paid claims for reimbursement submitted by Paragon Office Services. As a result, Paragon Office Services received payments in excess of $343,000 from Cigna.

46. Paragon Office Services was not entitled to seek, collect, or retain the payments received from Cigna. Paragon Office Services has not returned the payments to Cigna.

47. Pursuant to ERISA, Cigna is entitled to recover the overpayments made to Paragon Office Services. Cigna seeks to recover all overpayments that have been made to Paragon Office Services.

**(Count III – Claim for Overpayments Under ERISA against Ambulatory Health)**

**(As to ERISA Claims Only)**

48. The preceding paragraphs are incorporated by reference as if set forth fully herein.

49. The majority of the employee health and welfare benefit plans that are insured or administered by Cigna are non-governmental plans that exist, are established and maintained by employers for the benefit of their respective employees, and do not fall within any ERISA safe-harbor provisions. As a result, those plans are governed by ERISA.

50. In addition, under the relevant plans, Cigna has the authority to review and make decisions on claims for benefits under the applicable plans.

51. The services and equipment supplied by Ambulatory Health do not constitute covered services under the relevant health and welfare benefit plans.

52. In reliance upon statements, representations, and demands for payment made by Ambulatory Health, Cigna paid claims for reimbursement submitted by Ambulatory Health. As a result, Ambulatory Health received payments in excess of $2.2 million from Cigna.

53. Ambulatory Health was not entitled to seek, collect, or retain the payments received from Cigna. Ambulatory Health has not returned the payments to Cigna.

54. Pursuant to ERISA, Cigna is entitled to recover the overpayments made to Ambulatory Health. Cigna seeks to recover all overpayments that have been made to Ambulatory Health.

**(Count IV – Claim for Money Had and Received against Paragon Office Services)**

**(As to Non-ERISA Claims Only)**

55. The preceding paragraphs are incorporated by reference as if set forth fully herein.

56. The services, equipment, and products supplied by Paragon Office Services do not constitute covered services under the relevant health and welfare benefit plans.

57. However, in reliance upon statements and representations made by Paragon Office Services, Cigna paid claims for reimbursement submitted by Paragon Office Services. As a result, Paragon Office Services received payments in excess of $343,000 from Cigna.

58. Paragon Office Services was not entitled to seek, collect, or retain the payments it received from Cigna. Paragon Office Services has not returned the payments to Cigna.

59. The money Paragon Office Services received from Cigna belongs in equity and good conscience to Cigna. Cigna seeks to recover all payments that have been made to Paragon Office Services.

**(Count V – Claim for Money Had and Received against Ambulatory Health)**

**(As to Non-ERISA Claims Only)**

60. The preceding paragraphs are incorporated by reference as if set forth fully herein.

61. The services, equipment, and products supplied by Ambulatory Health do not constitute covered services under the relevant health and welfare benefit plans.

62. However, in reliance upon statements and representations made by Ambulatory Health, Cigna paid claims for reimbursement submitted by Ambulatory Health. As a result, Ambulatory Health received payments in excess of $2.2 million from Cigna.

63. Ambulatory Health was not entitled to seek, collect, or retain the payments it received from Cigna. Ambulatory Health has not returned the payments to Cigna.

64. The money Ambulatory Health received from Cigna belongs in equity and good conscience to Cigna. Cigna seeks to recover all payments that have been made to Ambulatory Health.

**(Count VI – Claim for Unjust Enrichment against Paragon Office Services)**

**(As to Non-ERISA Claims Only)**

65. The preceding paragraphs are incorporated by reference as if set forth fully herein.

66. The services, equipment, and products supplied by Paragon Office Services do not constitute covered services under the relevant health and welfare benefit plans.

67. However, in reliance upon statements, representations, and demands for payment made by Paragon Office Services, Cigna paid claims for reimbursement submitted by Paragon Office Services. As a result, Paragon Office Services received payments in excess of $343,000 from Cigna.

68. Paragon Office Services was not entitled to seek, collect, or retain the payments it received from Cigna. Paragon Office Services, however, has not returned the payments to Cigna.

69. Paragon Office Services has been unjustly enriched as a result of its conduct. Cigna is entitled to recover the payments made to Paragon Office Services. Cigna seeks to recover all overpayments that have been made to Paragon Office Services.

**(Count VII – Claim for Unjust Enrichment against Ambulatory Health)**

**(As to Non-ERISA Claims Only)**

70. The preceding paragraphs are incorporated by reference as if set forth fully herein.

71. The services, equipment, and products supplied by Ambulatory Health do not constitute covered services under the relevant health and welfare benefit plans.

72. However, in reliance upon statements, representations, and demands for payment made by Ambulatory Health, Cigna paid claims for reimbursement submitted by Ambulatory Health. As a result, Ambulatory Health received payments in excess of $2.2 million from Cigna.

73. Ambulatory Health was not entitled to seek, collect, or retain the payments it received from Cigna. Ambulatory Health, however, has not returned the payments to Cigna.

74. Ambulatory Health has been unjustly enriched as a result of its conduct. Cigna is entitled to recover the payments made to Ambulatory Health. Cigna seeks to recover all overpayments that have been made to Ambulatory Health.

# VI.
# JURY DEMAND

**(As to Non-ERISA Claims Only)**

75. The preceding paragraphs are incorporated by reference as if set forth fully herein.

76. With respect to Cigna's Non-ERISA claims, Cigna hereby demands a trial by jury.

## VII.
## DISCOVERY RULE

77. Cigna did not know and could not have known, despite the exercise of reasonable diligence, of all facts giving rise to its claims prior to the institution of this lawsuit.

## VIII.
## CONDITIONS PRECEDENT

78. All conditions precedent to Cigna's recovery have occurred or will occur prior to the entry of a final judgment in this civil action.

## IX.
## PRAYER FOR RELIEF

Based on the foregoing, Connecticut General Life Insurance Company and Cigna Healthcare of Texas, Inc. pray that the Court enter a judgment awarding Connecticut General Life Insurance Company and Cigna Healthcare of Texas, Inc. the following:

   a. a declaration that the services, equipment, and products provided by the Fisher Entities do not constitute covered services under the employee health and welfare benefit plans administered or insured by Connecticut General Life Insurance Company and Cigna Healthcare of Texas, Inc. and that the Fisher Entities are not entitled to receive any payments on the claims for reimbursement that it has submitted or may submit in the future;

   b. return of any all monies paid to the Fisher Entities by Connecticut General Life Insurance Company or Cigna Healthcare of Texas, Inc. on the claims submitted by the Fisher Entities;

   c. monetary damages for all harm suffered by Connecticut General Life Insurance Company and Cigna Healthcare of Texas, Inc. as a result of the Fisher Entities' conduct;

    d.  pre-judgment and post-judgment interest;

    e.  the reasonable and necessary attorneys' fees incurred by Connecticut General Life Insurance Company and Cigna Healthcare of Texas, Inc.;

    f.  costs of court; and

    g.  such other and further relief to which Connecticut General Life Insurance Company and Cigna Healthcare of Texas, Inc. may show themselves entitled in law or equity.

Dated: August 16, 2012  Respectfully submitted,

/s/ Alan W. Harris
Alan W. Harris
Texas Bar No. 09050800
Law Office of Alan W. Harris
325 North St. Paul Street, Suite 2700
Dallas, TX 75201
Phone: (214) 965-8200
Fax: (214) 965-8209

Eliot T. Burriss
Texas Bar No. 24040611
Zachary Hoard
State Bar No. 24053826
**DLA Piper LLP (US)**
1717 Main Street, Suite 4600
Dallas, Texas 75201
(214) 743-4500 – telephone
(214) 743-4545 – facsimile

Of Counsel:

Brian H. Benjet
Texas Bar No. 00787068
**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street - Suite 4900
Philadelphia, Pennsylvania 19103
(215) 656-3311 – telephone
(215) 606-2044 - facsimile

**COUNSEL FOR PLAINTIFFS CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTHCARE OF TEXAS, INC.**