

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTHCARE OF TEXAS, INC. | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Case No. 4:12cv535 |
| AMBULATORY HEALTH SYSTEMS, LLC and PARAGON OFFICE SERVICES, LLC | § § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendants, Ambulatory Health Systems, LLC and Paragon Office Services, LLC have filed this Motion to Dismiss the Complaint (Dkt. 7) brought by Connecticut General Life Insurance Company, and Cigna Healthcare of Texas, Inc. (collectively "Cigna").  Cigna refers to Defendants as the "Fisher Entities" since Cigna alleges that a Dr. Fisher owns all the interests of Defendants.  As set forth below, the Court finds that the motion should be DENIED.

In their motion, Defendants argue that the Court lacks subject matter jurisdiction over Cigna's complaint.  The complaint invokes the jurisdiction of the Court under 28 U.S.C. § 1331, specifically a federal question under 29 U.S.C. § 1001 *et.seq.* (ERISA) (*see* Dkt. 1).  Cigna complains that the Fisher Entities submitted, and Cigna processed, out of network claims for services submitted primarily for services as an institutional provider when the Fisher Entities were not "brick and mortar" facilities.  Cigna alleges that the Fisher Entities are neither hospitals, licensed

ambulatory surgical centers, nor other institutional providers. In fact, Cigna alleges they are not facilities of any kind. As such, according to Cigna, the Fisher Entities' claims were not covered expenses under the Cigna administered plans and Cigna wants to recoup monies paid. Cigna seeks declaratory judgment, claims for overpayment as to ERISA claims, money had and received, as well as unjust enrichment as to non-ERISA claims.

The Fisher Entities claim that the case involves nothing more than state law claims. They claim that Cigna's use of "ERISA" is nothing more than "magic language" used to beguile the Court into using its federal jurisdiction to referee this disagreement between the parties. Defendants maintain that the real issue is one of company policy and that the threshold question is whether the billings were actually false. Defendants also argue that there is no "ERISA preemption" when matters in dispute are resolved not by a scrutiny of plan benefits but rather based on a separate relationship between the insurer and a health care provider.

A Rule 12(b)(1) motion to dismiss challenges the subject-matter jurisdiction of the federal court. *See* FED. R. CIV. P. 12(b)(1). Plaintiffs bear the burden of establishing subject-matter jurisdiction. *Castro v. United States,* 560 F.3d 381, 386 (5th Cir. 2009), *vacated on other grounds,* 608 F.3d 266 (5th Cir. 2010). Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts. *Ramming v. United States* 281 F.3d 158 at 161 (5th Cir. 2001). A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief. *Wagstaff v. United States Dep't of*

*Educ.,* 509 F.3d 661, 663 (5th Cir. 2007).

Defendants cite to the Fifth Circuit's holding in *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525 (5th Cir. 2009) in support of their position that the Court lacks jurisdiction over Plaintiffs' claims. However, the case is readily distinguishable. In addressing the preemption argument raised by Aetna, the Fifth Circuit agreed that "[a] claim that implicates the rate of payment as set out in the Provider Agreement, rather than a **right** of payment under the terms of the benefit plan" is not preempted by ERISA (emphasis added). *Id.* at 530. The court acknowledged that what is or is not a covered service is governed by ERISA. *Id.* at 531. Further, as Cigna points out, there was no provider contract with the Fisher Entities unlike that confronting the Circuit in *Lone Star*. In *Lone Star,* all claims for bills which had been denied by Aetna and not paid were dismissed by Lone Star to bolster its challenge to federal jurisdiction. Had those claims remained, under the Fifth Circuit analysis, there would have been federal jurisdiction and the prompt pay claims would have been properly before the district court as a matter of the court's supplemental jurisdiction.

Here, Cigna challenges the very right of the Fisher Entities to be compensated for the services billed. Where interpretation of the benefit plans forms an essential part of Cigna's claim to recoup, the matter would appear to be resolved in its favor. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004). On the other hand, if the Fisher Entities would agree that no coverage exists, then this matter would not be within the purview of ERISA since there would be no question as to the right of payment and the matter would simply be one of the rate of recoupment to Cigna. It does not appear that the Fisher Entities concede the issue of coverage. Therefore, the complaint properly invokes this Court's jurisdiction.

As to Defendants' other challenges to the complaint, the Court finds that based on the well-pleaded complaint Cigna has standing to seek relief. The Complaint alleges that the majority of the plans are self-funded or fully insured group benefit plans governed by ERISA. Cigna alleges that it administers the plans pursuant to written agreements with the plan sponsors and Cigna has been delegated the discretion or authority to adjudicate claims under those plans. Cigna has attached a representative plan as an exhibit to its response. *See* Dkt. 10.

"An ERISA fiduciary includes anyone who exercises discretionary authority over the plan's management, anyone who exercises authority over the management of its assets, and anyone having discretionary authority or responsibility in the plan's administration." *Pacificare Inc. v. Martin,* 34 F.3d 834, 837 (9th Cir.1994) (citing *Credit Managers Ass'n v. Kennesaw Life & Acc. Ins. Co.,* 809 F.2d 617, 625 (9th Cir. 1987)). We "give[ ] the term fiduciary a liberal construction in keeping with the remedial purpose of ERISA." *American Fed'n of Unions,* 841 F.2d 658, 662 (5th Cir. 1988) (citing *Donovan,* 747 F.2d at 309); *see Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,* 901 F.2d 404, 417 (5th Cir. 1990), *cert. denied,* 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990). And we apply an objective standard. *Farm King Supply, Inc. Integrated Profit Sharing Plan and Trust v. Edward D. Jones & Co.,* 884 F.2d 288, 292 (7th Cir. 1989); *Reich v. Lancaster*, 55 F.3d 1034 at 1046 (5th Cir. 1995).

The sample exhibit attached to Cigna's response demonstrates that it has discretionary authority over the plan. *See* Dkt. 10-1. It does not perform its duties in a ministerial nature. The authority to grant, deny, or review denied claims can make one a fiduciary. *Reich*, supra at 1047.

#### RECOMMENDATION

For these reasons, the Court recommends that Defendants Ambulatory Health Systems, LLC and Paragon Office Services, LLC's Motion to Dismiss (Dkt. 7) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 13th day of March, 2013.**

                                                          _____
                                                          DON D. BUSH
                                                          UNITED STATES MAGISTRATE JUDGE