**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **CONNECTICUT GENERAL LIFE INSURANCE COMPANY, and CIGNA HEALTHCARE OF TEXAS, INC.,** § § § § | | |
| **Plaintiffs,** § | | |
| v. § § | **CASE NO. 4:12-cv-00535-RAS** | |
| **AMBULATORY HEALTH SYSTEMS, LLC, and PARAGON OFFICE SERVICES LLC,** § § § § § | **Jury** | |
| **Defendants.** § | | |

**DEFENDANTS' ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS**

Defendants Ambulatory Health Systems, LLC and Paragon Office Services, LLC (collectively "Paragon") file this Answer and Affirmative Defenses to Plaintiffs Connecticut General Life Insurance Company and CIGNA Healthcare of Texas, Inc.'s (collectively "Cigna") Original Complaint ("Complaint") and Counterclaim against Cigna as follows:

**ANSWER**

**I.
NATURE OF ACTION**

1. Paragon denies the allegations in paragraph 1 of the Complaint.

2. Paragon denies the allegations in the last two sentences of paragraph 2 of the Complaint. Paragon is without sufficient information to admit the remaining allegations in paragraph 2 of the Complaint.

3. Paragon is without sufficient information to admit the allegations in the first sentence of paragraph 3 of the Complaint. Paragon denies the allegations in the second sentence of paragraph 3 of the Complaint.

4. Paragon admits that it submitted some claims on UB04 forms, and admits that it provided equipment, supplies and services at third-party physician's offices. Paragon denies the remainder of the allegations in paragraph 4 of the Complaint.

5. Paragon denies the allegations in paragraph 5 of the Complaint.

6. Paragon admits receiving a letter from Cigna. Paragon denies the remaining allegations in paragraph 6 of the Complaint.

7. Paragon denies the allegations in paragraph 7 of the Complaint.

8. Paragon denies the allegations in the last sentence of paragraph 8 of the Complaint. Paragon is without sufficient information to admit the remaining allegations in paragraph 8 of the Complaint.

## II.
## PARTIES

9. Paragon is without sufficient information to admit the allegations in paragraph 9.

10. Paragon is without sufficient information to admit the allegations in paragraph 10.

11. Paragon admits the allegations in paragraph 11 of the Complaint.

12. Paragon admits the allegations in paragraph 12 of the Complaint.

## III.
## JURISDICTION AND VENUE

13. Paragon admits the allegations in paragraph 13 of the Complaint.

14. Paragon denies the allegations in paragraph 14 of the Complaint.

15. Paragon denies the allegations in paragraph 15 of the Complaint.

16. Paragon denies the allegations in paragraph 16 of the Complaint.

## IV.
## FACTUAL BACKGROUND

17. Upon information and believe, Paragon admits the allegations in paragraph 17.

18. Paragon admits the allegations in paragraph 18 of the Complaint.

19. Paragon admits it has submitted claims to Cigna for anesthesia services and for anesthesia-related equipment, services and supplies which were provided to, or for the benefit of, certain patients who were members and/or covered persons under employee health and welfare benefit plans administered or insured by Cigna. Paragon objects to the use of vague and undefined terms and, therefore, denies the remainder of the allegations in paragraph 19 of the Complaint.

20. Paragon admits that it did not have a contract with Cigna and that claims were submitted to Cigna on an out-of-network basis. The remaining allegations in paragraph 20 are denied.

21. Paragon Office Services ("POS") admits it submitted some claims to Cigna and received some payments from Cigna. POS denies the remaining allegations in paragraph 21.

22. Ambulatory Health Services ("AHS") admits it received some payments from Cigna and submitted some claims to Cigna using UB04 forms. AHS denies the remaining allegations in paragraph 22.

23. Paragon is without sufficient information to determine which entities are included in the references to "other entities" and, therefore, the allegations in paragraph 23 are denied.

24. Paragon admits that it received some payments from Cigna. Paragon denies the remaining allegations in paragraph 24.

25. Paragon admits it has billed Cigna for anesthesia services and anesthesia-related equipment, services and supplies. Paragon denies the remaining allegations in paragraph 25.

26. Paragon admits that it submitted some claims to Cigna using UB04 forms. Paragon denies the remaining allegations in paragraph 26 of the Complaint.

27. Paragon denies the allegations in paragraph 27 of the Complaint.

28. Paragon admits it is not a hospital or ambulatory surgical center. Paragon denies the remaining allegations in paragraph 28 of the Complaint.

29. Paragon denies the allegations in paragraph 29 of the Complaint.

30. Paragon denies the allegations in paragraph 30 of the Complaint.

31. Paragon denies the allegations in paragraph 31 of the Complaint.

32. Paragon denies that Cigna is entitled to the return of any funds. Paragon admits that its services should be paid for by Cigna. Paragon denies the remaining allegations in paragraph 32 of the Complaint.

## V.
## Causes of Action

### (Count I – Declaratory Relief against all Defendants)
### (As to Both ERISA and Non-ERISA Claims)

33. Paragon re-asserts its responses to paragraphs 1 through 32 of the Complaint. Paragon denies the existence of "ERISA claims."

34. Paragon objects to the phrase "non-medical services" and vague and undefined and, therefore, denies such allegations. Paragon admits the remainder of the allegations in paragraph 34 of the Complaint.

35. Paragon denies the allegations in paragraph 35 of the Complaint.

36. Paragon denies the allegations in paragraph 36 of the Complaint.

37. Paragon admits it has not returned payments for services it provided. Paragon denies the remaining allegations in paragraph 37 of the Complaint.

38. Paragon denies that the terms of any plans control this suit.

39. Paragon denies the allegations in paragraph 39 of the Complaint.

40. Paragon denies the allegations in paragraph 40 of the Complaint.

**(Count II – Claim for Overpayments Under ERISA against Paragon Office Services)**

**(As to ERISA Claims Only)**

41. Paragon re-asserts its responses to paragraphs 1 through 40. Paragon denies the existence of "ERISA Claims."

42. POS is without sufficient information to admit the allegations in paragraph 42.

43. POS is without sufficient information to admit the allegations in paragraph 43.

44. POS denies the allegations in paragraph 44 and denies that the terms of any plans control this dispute.

45. POS admits it received some payments from Cigna. POS denies the remaining allegations in paragraph 45.

46. POS admits it has not returned payments it rightfully received for its services. POS denies the remaining allegations in paragraph 46.

47. POS denies the allegations in paragraph 47.

**(Count III – Claim for Overpayments Under ERISA against Ambulatory Health)**

**(As to ERISA Claims Only)**

48. Paragon re-asserts its responses to paragraphs 1 through 47. Paragon denies the existence of "ERISA Claims."

49. AHS is without sufficient information to admit the allegations in paragraph 49.

50. AHS is without sufficient information to admit the allegations in paragraph 50.

51. AHS denies the allegations in paragraph 51 and denies that the terms of any plans control this dispute.

52. AHS admits it received some payments from Cigna. AHS denies the remaining allegations in paragraph 52.

53. AHS admits it has not returned payments it rightfully received for its services. AHS denies the remaining allegations in paragraph 53.

54. AHS denies the allegations in paragraph 54.

**(Count IV – Claim for Money Had and Received against Paragon Office Services)**

**(As to Non-ERISA Claims Only)**

55. Paragon re-asserts its responses to paragraphs 1 through 54.

56. POS denies the allegations in paragraph 56 and denies that the terms of any plans control this dispute.

57. POS admits it received some payments from Cigna. POS denies the remaining allegations in paragraph 57.

58. POS admits it has not returned payments it rightfully received for its services. POS denies the remaining allegations in paragraph 58.

59. POS denies the allegations in paragraph 59.

**(Count V – Claim for Money Had and Received against Ambulatory Health)**

**(As to Non-ERISA Claims Only)**

60. Paragon re-asserts its responses to paragraphs 1 through 59.

61. AHS denies the allegations in paragraph 61 and denies that the terms of any plans control this dispute.

62. AHS admits it received some payments from Cigna. AHS denies the remaining allegations in paragraph 62.

63. AHS admits it has not returned payments it rightfully received for its services. AHS denies the remaining allegations in paragraph 63.

64. AHS denies the allegations in paragraph 64.

**(Count VI – Claim for Unjust Enrichment against Paragon Office Services)**

**(As to Non-ERISA Claims Only)**

65. Paragon re-asserts its responses to paragraphs 1 through 64.

66. POS denies the allegations in paragraph 66 and denies that the terms of any plans control this dispute.

67. POS admits it received some payments from Cigna. POS denies the remaining allegations in paragraph 67.

68. POS admits it has not returned payments rightfully received for its services. POS denies the remaining allegations in paragraph 68.

69. POS denies the allegations in paragraph 69.

**(Count VII – Claim for Unjust Enrichment against Ambulatory Health)**

**(As to Non-ERISA Claims Only)**

70. Defendants re-assert their responses to paragraphs 1 through 69.

71. AHS denies the allegations in paragraph 71 and denies that the terms of any plans control this dispute.

72. AHS admits it received some payments from Cigna. AHS denies the remaining allegations in paragraph 72.

73. AHS admits it has not returned payments rightfully received for its services. AHS denies the remaining allegations in paragraph 73.

74. AHS denies the allegations in paragraph 74.

## VI.
## JURY DEMAND

75. Paragon re-asserts its responses to paragraphs 1 through 74.

76. Paragon demands a trial by jury with respect to all claims and counterclaims. Paragon denies that any claims are governed by ERISA.

## VII.
## DISCOVERY RULE

77. Paragraph 77 calls for a legal conclusion. Paragon is not required to respond. To the extent a response is required; Paragon denies the allegations in paragraph 77.

## VIII.
## CONDITIONS PRECEDENT

78. Paragraph 78 calls for a legal conclusion. Paragon is not required to respond. To the extent a response is required; Paragon denies the allegations in paragraph 78.

## IX.
## PRAYER FOR RELIEF

Paragon denies that Cigna is entitled to the relief sought.

## X.
## AFFIRMATIVE DEFENSES

79. Cigna's claims are barred by waiver.

80. Cigna's claims are barred by estoppel.

81. Cigna's claims are barred by unclean hands.

82. Cigna's claims are barred by the economic loss doctrine.

83. To the extent Cigna claims that Paragon is required to join indispensible parties, Cigna's claims are similarly limited for failure to join those parties.

84. The Complaint fails to state a claim upon which relief can be granted, in violation of Fed. R. Civ. P. 12(b)(6).

85. To the extent Paragon's claims may be barred by laches or applicable statutes of limitations or repose, so are Cigna's.

86. Paragon is entitled to offset any claim of Cigna and therefore pleads the defenses of credit, recoupment and offset.

87. Paragon invokes all caps, limitations or restrictions on recovery of damages as allowed by Texas and federal law.

## XI.
## COUNTERCLAIMS

### FACTUAL BACKGROUND

88. Paragon provides professional, in-office anesthesia equipment, drugs and supplies in connection with the administration of general anesthesia during in-office surgical procedures performed by obstetrician/gynecologists. The services provided by Paragon ensure that the OB/GYN procedures, including endometrial ablations, tubal plugging, and loop electrosurgical excision procedures (LEEPs), are conducted in a way that ensures patient compliance and, above all, safety. Paragon's services include two components: (1) an anesthesiologist who administers general anesthesia and monitors the patient (the "Professional Service"); and (2) the supplies and equipment, including medication and monitoring devices as well as related support, including ACLS-certified medical technicians to support the anesthesiologist (the "Equipment Service"). The expert staff, professional services, and state-of-the-art anesthesia equipment provided by Paragon ensure a safe surgical and anesthetic environment. Paragon follows strict policies and protocols to maintain stringent standards of safety and quality.

89. In-office surgeries improve the quality of medical care the patients receive as well as the quality of the patient's overall experience. Risks to the patient, such as the risk of infection, are lower, as are overall costs. This translates into faster procedures, less anxiety, and

better patient outcomes. General anesthesia is the choice of anesthesia for the surgeons and patients in the surgeries at issue in this lawsuit.  General anesthesia requires certain equipment and supplies in order to be rendered safely, and that equipment and those supplies must be transported to the in-office surgical environment by Paragon because they are not already on-premises at the surgeon's office.  The equipment and supplies are transported on sophisticated, state-of-the-art carts and in specially equipped vans which contain everything the patient and surgeon need to handle the surgery, any emergencies, and airway risks.  The transported equipment and supplies essentially provide a mobile operating room unit in the surgeon's office. Paragon patients have been uniformly satisfied with their procedure outcomes, as indicated by the consistent results of patient-satisfaction surveys. The services provided by Paragon are not only safe, effective, high-quality, and generate better outcomes, but also result in a lower cost to all parties involved, including Cigna.

90. For years, Paragon provided its services to health plan participants and beneficiaries, and Cigna paid Paragon for both the Equipment Service and the Professional Service. But in 2012, Cigna abruptly and without reason began refusing to pay for the Equipment Service that was necessary to conduct the in-office surgeries that Cigna had already approved. Since then, Cigna has obtained a substantial benefit at Paragon's expense—its refusal to pay for the Equipment Services has significantly increased its profit margins.

91. Although Cigna failed to provide adequate explanation for its sudden refusal to pay for the benefits it received from Paragon, Paragon continued to provide its services because, as Cigna knows, Paragon cannot provide one aspect of its services without the other.  The professional component necessarily requires equipment and supplies: (i) to make it possible to

deliver general anesthesia and monitor the patient, and (ii) to keep the patient safe and handle emergencies.

92. Throughout the entire relevant time period, Cigna continued to pay the surgeon for the in-office surgeries and continued to pay for anesthesia Professional Services. As discussed above, the Equipment Services are an essential piece. Cigna is therefore responsible for paying for the Equipment Services, just as it is responsible for paying the surgeon and the Professional Services components.

93. Cigna claims in this lawsuit that it is entitled to reimbursement because Paragon is not a "facility" (according to Cigna's apparently newly adopted definition of that term), that only "institutional providers" can bill on facility billing forms, and that Paragon's facility billing was wrong because it encompassed "non-existent" facility charges. (Complaint, Dkt.1 at ¶¶2, 3, 4, 5, 6, 25, 26, 27, 28, 30, 35, 36). None of these contentions are true. As set forth above, general anesthesia is the choice of the surgeon, anesthesiologist, and patient. Upon information and belief, Cigna has undertaken no real investigation to arrive at any determination regarding medical necessity, quality of the services provided, or if the equipment and supplies billed for were provided. In fact, Cigna's complaint does not allege that Paragon failed to provide the equipment and supplies it billed for, or that the services, equipment, and supplies were not medically necessary. It just claims the services are "not covered." And it pockets the money it would have otherwise paid to a "facility" or "institutional provider" for the same equipment, services and supplies.

94. Paragon, when requested, has always provided medical records and supporting information to demonstrate that it did, in fact, provide the Professional Services and Equipment Services for which it billed.

95. Since this lawsuit was filed, Cigna's true reasoning and its motives have become crystal clear. Cigna's refusal to pay for Equipment Services stems from a corporate policy Cigna adopted which redefined the term "facility" to exclude Paragon. Cigna now accuses Paragon of improperly submitting "nonexistent" facility charges.

96. Cigna's application of this policy is consistent and uniform and dictates that the Equipment Services are to be denied – without regard to any plan terms or provisions.

97. Cigna created a significant windfall for itself when it arbitrarily decided to stop paying Paragon. When the OB/GYN surgeries for which Paragon provides anesthesia services (e.g., endometrial ablation) are performed on an out-patient basis in a hospital or ambulatory surgical center, the insurer typically receives three bills: (1) the OB/GYN's professional bill for performing the surgery; (2) a bill from the anesthesiologist for his professional service; and (3) a "facility" bill, which encompasses the drugs, supplies equipment and staff, among other items, provided in connection with the surgery. Facilities routinely bill and are reimbursed many thousands of dollars *per surgery* for their services.

98. In the in-office environment, however, the facility fee is replaced by Paragon's charges for Equipment Services, which are substantially less. Paragon has provided and continues to provide all the equipment, supplies, and support necessary to turn an OB/GYN's office into a safe operating environment where a patient can be given general anesthesia. Paragon even has "Joint Commission" accreditation, which is the same accreditation sought and obtained by hospitals. Paragon needs the equipment and supplies to provide its anesthesia services in the surgeon's office; and the patient needs the equipment and supplies to receive the anesthesia and remain safe during her surgery.

99. Yet, even though Paragon acts as a mobile facility, Cigna now expects the Court's blessing of its blanket refusal to pay for anything besides the professional service, creating a windfall for Cigna of millions of dollars each year. Cigna's "policy" of excluding payment to Paragon represents nothing but fraud, theft, and greed.

100. Cigna's decision to stop paying Paragon for Equipment Services was unreasonable, improper, and in violation of state law. Paragon provided and provides a service for which it reasonably expected and expects to be paid. Cigna, and its health care plan participants and beneficiaries, have undisputedly benefited from Paragon's services. Cigna's refusal to pay Paragon is in violation of the parties' agreements and understandings.

## CAUSES OF ACTION

**Count One: Breach of Implied Contracts**

101. Paragon incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein

102. When paying professional anesthesia claims for office-based general anesthesia services, Cigna has implied contracts with POS and AHS to pay for equipment and supplies required as part and parcel of the anesthesia professional services.

103. POS and AHS have the <u>right</u>, pursuant to the parties' agreements and course of dealing, to expect to be paid and to be paid for the Equipment Services. Cigna's refusal to pay for the equipment services provided by POS and AHS is a violation of the parties' implied agreements.

104. POS and AHS have submitted and agreed to Cigna's terms and conditions, including providing necessary information to comply with Cigna's billing requirements. Cigna was provided with the required information but has refused to pay.

105. POS and AHS provided and billed Cigna for the equipment necessary to administer anesthesia services provided on an out-of-network basis to Cigna's insureds. By accepting the anesthesia services on behalf of its insureds, and paying and agreeing to pay for the anesthesia professional charges, Cigna impliedly agreed to also pay for the equipment and supplies used to render those services. If these same services were provided in a hospital or ambulatory surgery center, Cigna would reimburse the facility without hesitation. Yet, Cigna has refused to pay Paragon's Equipment Services.

106. Cigna has breached its implied contracts by failing and refusing to pay for anesthesia equipment in violation of the implied contracts and Texas law, including TEX. INS. CODE §542.003.

107. Cigna's breaches of the implied contracts are material and have directly and proximately caused POS and AHS to suffer damages. All applicable conditions precedent, if any, have been met, satisfied, or waived.

**Count Two: Violation of Texas Insurance Code §541.001 *et seq.* (Bad Faith Insurance Practices)**

108. Paragon incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

109. Pursuant to Tex. Ins. Code §541.001 *et seq.*, Cigna, as an insurer licensed to do business in the State of Texas, is precluded from engaging in unfair competition or unfair or deceptive insurance practices. Cigna has engaged in unfair settlement practices in violation of Tex. Ins. Code §541.060, by, *inter alia*, failing to engage in good faith settlement of claims for which Cigna is liable.

110. Specifically, Cigna approves and indicates it will pay for the procedures for which Paragon provides services, i.e., general anesthesia administered during office-based OB/GYN

surgeries. It does pay the surgeon and pays for Professional Services. In the past, Cigna paid for Equipment Services. Yet, without providing any support or rationale, Cigna unilaterally quit paying for Paragon's Equipment Services. Cigna never discussed this issue in any detail with Paragon, nor is there any evidence that Cigna consulted with OB/GYNs, anesthesiologists, or anyone else to arrive at the determination that Equipment Services claims should not be paid. There is no evidence that Cigna's decision to deny payment was anything but taking advantage of an antiquated insurance billing system to unfairly enrich itself.

111. Pursuant to Tex. Ins. Code §541.152, as a result of Cigna's unfair settlement practices, Paragon is entitled to recover actual damages, including costs and attorney's fees.

112. Paragon contends that Cigna knowingly committed these unfair insurance practices, entitling Paragon to additional damages not to exceed three times the amount of its actual damages.

**Count Three: <u>Fraud</u>**

113. Paragon incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

114. Cigna knowingly, intentionally, and maliciously made fraudulent representations to Paragon, and to physicians and patients, promising to pay for all of Paragon's anesthesia services, including necessary equipment, when it had no intention of doing so. Upon information and belief, those representations were false when made, Cigna knew the representations were false, and had no intention of paying for Paragon's Equipment Services.

115. Cigna made false representations regarding its intent to pay for services with the intent that Paragon and Cigna insureds would rely on those representations. Paragon did in fact justifiably rely on those false representations by providing the services for which Cigna now

refuses to pay. Cigna's fraud is a proximate cause of injury to Paragon. Paragon is entitled to damages as a result of Cigna's fraudulent conduct.

**Count Five: Quantum Meruit**

116.   Paragon incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

117.   Paragon provided valuable anesthesia services to Cigna for the benefit of its insureds. Cigna accepted and agreed to pay for Paragon's services. Cigna had reasonable notice that Paragon expected to be paid for its services. In fact, Cigna had historically paid Paragon for its equipment services and then arbitrarily stopped doing so. Cigna knew and knows, or reasonably should have known, Paragon's Equipment Services are a necessary component of the Professional Services and, without which, general anesthesia cannot be administered. The services provided to Cigna's insureds constitute a benefit conferred directly to Cigna, and Cigna either agreed to pay Paragon for those services, or is required under the theory of quantum meruit to pay Paragon for those services. Paragon has been damaged by Cigna's refusal to pay for Paragon's services.

**Count Six: Unjust Enrichment**

118.   Paragon incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

119.   Paragon provided anesthesia services to Cigna's insureds, which includes both the Professional Services and Equipment Services. Cigna collected premiums from its insureds to pay their medical providers for services rendered. Cigna has wrongfully retained money it received from its insureds, in refusing to pay Paragon for Equipment Services. Cigna is unjustly

enriched by collecting premiums and then refusing to pay for the Equipment Services. Paragon has been damaged by Cigna's refusal to pay for the Equipment Services.

**Count Seven: Tortious Interference With Business Relationships**

120. Paragon incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

121. When Paragon started business, it was on the forefront of a new trend in providing anesthesia services – by being able to administer general anesthesia safely and effectively in connection with in-office surgeries. Paragon had the opportunity to grow its business nationwide. Paragon was invited to provide anesthesia services in connection with OB/GYN surgeries throughout the country. However, Paragon's opportunity to grow and develop those relationships was destroyed due to Cigna's tortious conduct, as described above.

122. As a direct and proximate result of Cigna's interference, Paragon has suffered, and will continue to suffer, damages resulting from the loss of contracts with physicians and patients.

**Count Eight: Estoppel and Quasi-Estoppel**

123. Paragon incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

124. Cigna is estopped from refusing to pay Paragon for all anesthesia services, including Equipment Services, as a result of Cigna's (1) continuing representation that Cigna would pay for Paragon's services through Cigna's course of dealing; (2) continuing stream of payments to Paragon made with knowledge, actual or constructive, of all facts; and (3) intention that Paragon should rely on the course of dealing and continued stream of payments. Paragon was wholly without knowledge or means of obtaining knowledge of Cigna's pending change of

position on the payment for its services, and Paragon detrimentally relied on Cigna's representations and course of conduct.

125. Further, Cigna clearly understood the services provided by Paragon, because when questioned about the services, Paragon fully disclosed the nature of the services it was providing. After receiving the explanation, and so that Paragon would believe any issues were resolved and services rendered to Cigna insureds would be paid for, Cigna accepted the benefit of the services, and paid for those services. Cigna's conduct is inconsistent, and it would be unconscionable to allow Cigna to refuse payment to Paragon, now that it has induced Paragon to provide services and it has accepted the benefit of those services. Cigna's failure to pay Paragon is prohibited under the doctrine of quasi-estoppel.

**Count Nine: Exemplary Damages**

126. Paragon incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

127. Paragon is entitled to punitive damages for Cigna's knowing, intentional, and malicious fraudulent and tortious conduct.

**Count Ten: Attorneys' Fees**

128. Paragon incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

129. Cigna has wholly failed and refused and continues to fail and refuse to pay any amount of the damages incurred by Paragon. As a result of Cigna's failure to pay it has become necessary to employ the undersigned attorneys to pursue this action, and Paragon alleges that Cigna is liable to Paragon for reasonable attorneys' fees pursuant to the Texas Civil Practices &

Remedies Code §38.001, plus additional attorneys' fees in the event of a successful appeal or Writ of Error.

130. Paragon is also entitled to recover reasonable and necessary attorneys' fees from Cigna pursuant to the Texas Insurance Code, including Tex. Ins. Code §542.060 and §541.152, including additional attorneys' fees in the event of a successful appeal or petition for review.

**Count Eleven: Pre-Judgment and Post-Judgment Interest**

131. Paragon incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

132. Paragon is entitled to legal and statutory pre-judgment interest at the highest rate allowed by law. Paragon also seeks post-judgment interest at the highest rate allowed by law, from the date of Judgment until the sums are paid in full pursuant to Texas Finance Code §304.002.

CONDITIONS PRECEDENT

133. All conditions precedent, if any, have been met, satisfied, or waived.

PRAYER FOR RELIEF

WHEREFORE, PARAGON COUNTERCLAIMANTS DEMAND JUDGEMENT IN THEIR FAVOR AS FOLLOWS:

    A. Judgment against Cigna for the causes of action set forth herein, plus actual and consequential damages;

    B. Judgment against Cigna for treble and exemplary damages;

    C. Judgment against Cigna for reasonable and necessary attorneys' fees incurred as a result of their actions as set forth in this petition, plus a conditional award of attorneys' fees in the event of any appeal or petition for review;

      D.      Pre-judgment and post-judgment interest at the highest rates allowed by law;

      E.      Costs of court; and

      F.      Such other and further relief to which Counter-Plaintiffs are justly entitled.

## JURY DEMAND

Paragon demands a trial by jury.

Dated: October 11, 2013

Respectfully submitted,

/s/ *Steven M. Smith*
Martin E. Rose (Lead Attorney)
State Bar No. 17253100
Steven M. Smith
State Bar No. 24013537
**ROSE•WALKER, L.L.P.**
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
214.752.8600
Facsimile 214.752.8700
mrose@rosewalker.com
ssmith@rosewalker.com

**ATTORNEYS FOR DEFENDANTS/COUNTER PLAINTIFFS AMBULATORY HEALTH SYSTEMS, LLC and PARAGON OFFICE SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been duly sent via CM/ECF on this the 11th day of October, 2013 to all counsel of record.

/s/ *Steven M. Smith*
Steven M. Smith